IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-00105-01-CR-W-FJG |
| | ) | |
| STEVEN EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 21, 2011, the Grand Jury returned a one count indictment against defendant Steven Evans charging defendant with knowingly attempting to remove children who had not attained the age of sixteen from the United States with the intent to obstruct the lawful exercise of parental rights. During a hearing on May 12, 2011, defense counsel asked that the defendant be required to undergo an evaluation to determine his mental competency to stand trial. (Doc. # 12) Pursuant to that request, the Court committed the defendant to the custody of the Attorney General for placement in a suitable facility to undergo the requested examination. (Doc. # 16)

A hearing was held on August 5, 2011, on the defendant's motion to determine mental competency. Defendant appeared with counsel Travis Poindexter. The government was represented by Christina Tabor. The only evidence presented at the hearing was the Forensic Report prepared by Dr. Ron Nieberding, Ph.D. of the Metropolitan Correctional Center in Chicago, Illinois. (Doc. # 28) Defendant's diagnosis was Delusional Disorder, Mixed Type (Jealous and Persecutory Types) and Narcissistic and Obsessive Compulsive Traits. (Id. at 9)

Dr. Nieberding noted that when discussing issues outside the realm of his false belief system, the defendant is functional and articulate. However, "[w]hen immersed in the world of

conspiratorial beliefs, where others plot, presumably intent on inflicting harm, Mr. Evans struggles to perceive his interactions with others and the world around him in a realistic manner." (Doc. # 28 at 12) Ultimately, Dr. Nieberding concluded that:

> [h]is apparent Delusional Disorder, while having little if any impact on his factual understanding of the current proceedings, appears to have a more significant and detrimental impact regarding his rational understanding, and his ability to assist counsel, particularly if and when his firmly held beliefs are challenged. As a result, there is significant evidence to suggest the defendant may not [be] competent to proceed to criminal adjudication at the present time.

(Id. at 13) In accordance with the evidence presented at the hearing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Steven Evans is incompetent in that he is presently suffering from a mental disease or defect rendering him unable to unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. It is further

RECOMMENDED that the Court commit defendant Evans to the custody of the Attorney General pursuant to 18 U.S.C. §4241(d)(1). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Evans will attain the capacity to permit the trial to proceed.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain

error or manifest injustice.

                                                */s/ Sarah W. Hays*
                                              SARAH W. HAYS
                                  UNITED STATES MAGISTRATE JUDGE