# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 11-00105-01-CR-W-FJG |
| ) | |
| STEVEN EVANS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is the issue of defendant's competency. On May 12, 2011, defendant's counsel made an oral motion for a competency exam, which the Court granted. On May 13, 2011, the Court ordered the defendant to be committed to the custody of the Attorney General for placement in a suitable facility to undergo a psychiatric examination pursuant to 18 U.S.C. § 4241(b) to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent and unable to understand the nature and consequences of the proceedings against him or to assist in his defense. Defendant was examined by Dr. Ron Nieberding, clinical psychologist, who determined that "there is significant evidence to suggest the defendant may not [be] competent to proceed to criminal adjudication at the present time." A Competency Hearing was held on August 5, 2011 and the parties stipulated to the forensic report of Dr. Nieberding.

On August 9, 2011, Magistrate Sarah W. Hays recommended that the Court commit defendant Evans to the custody of the Attorney General for hospitalization and treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future defendant Evans will attain the capacity to permit the trial to

proceed.  On August 25, 2011, defendant filed three pro se motions to suppress the psychological evaluation and have the report stricken from the record (Docs. # 34, 35 and 36).  On August 30, defendant filed a pro se motion opposing the voluntary and/or involuntary treatment with antipsychotic medication (Doc. # 38) and a Notice of Appeal - appealing the factual findings in the Report and Recommendation (Doc. # 39).  The Court notes that defendant has filed these five pleadings pro se.  The Court will rule on the presently pending motions filed by defendant, but because defendant is represented by counsel, in the future all motions should be filed by defendant's counsel.

In his Motions to Suppress, defendant argues that the report should be suppressed and stricken because Dr. Nieberding, does not have a law degree and is not an expert witness.  He also argues that Dr. Nieberding is not licensed in Missouri and does not have an interjurisdictional practice certificate.  Finally, he argues that the evaluation did not discuss the diagnosis of his former psychiatrists or did it discuss his medications.  The Court has considered defendant's arguments and objections and finds them to be without merit.  There is no reason to suppress the report based on defendant's arguments.  Therefore, the Court hereby **DENIES** defendant's Motions to Suppress and Have Report Stricken (Docs. # 34, 35 and 36).  The Court also **DENIES** the argument raised in defendant's Notice of Appeal (Doc. # 39).

The Court further finds that the Motion to Oppose the Voluntary or/or Involuntary Treatment With Antipsychotic Medication is prematurely filed as no plan of treatment has been proposed with regard to defendant.  If the facility where defendant is committed ultimately recommends treatment with antipsychotic medication, then

2

defendant may challenge the recommendation at that point.  Accordingly, the Court hereby **PROVISIONALLY DENIES** defendant's Motion Opposing the Voluntary/Involuntary Treatment with Antipsychotic Medication (Doc. # 38).

Accordingly, it is hereby ORDERED that defendant's Motion for judicial determination of mental competency is **GRANTED** and the Report and Recommendation of Magistrate Judge Sarah W. Hays is adopted in its entirety and the defendant is incompetent to proceed.  It is further

**ORDERED** that defendant, Steven M. Evans, be committed to the custody of the United States Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d)(1).  The Attorney General shall hospitalize defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Evans will attain the capacity to permit the trial to proceed.

Date: 9/15/2011　　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge