# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11-00105-01-CR-W-FJG |
| STEVEN EVANS, | ) ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is the issue of whether defendant's competency has been restored so that he is now capable of understanding the legal proceedings and assisting counsel in his defense. On May 12, 2011, defendant's counsel made an oral motion for a competency exam, which the Court granted. On May 13, 2011, the Court ordered the defendant to be committed to the custody of the Attorney General for placement in a suitable facility to undergo a psychiatric examination pursuant to 18 U.S.C. § 4241(b) to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent and unable to understand the nature and consequences of the proceedings against him or to assist in his defense. Defendant was examined by Dr. Ron Nieberding, clinical psychologist, who determined that "there is significant evidence to suggest the defendant may not [be] competent to proceed to criminal adjudication at the present time." A Competency Hearing was held on August 5, 2011 and the parties stipulated to the forensic report of Dr. Nieberding.

On August 9, 2011, Magistrate Sarah W. Hays recommended that the Court commit defendant Evans to the custody of the Attorney General for hospitalization and

treatment in a suitable facility to determine whether there is a substantial probability that in the foreseeable future defendant Evans will attain the capacity to permit the trial to proceed. On September 15, 2011, this Court adopted the report and recommendation of Magistrate Hays and the defendant was transported to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri for the purpose of determining if his competency could be restored. On April 11, 2012, a hearing was held on the issue of whether defendant had been restored to competency. The parties stipulated that the Court could consider the March 13, 2012 Forensic Report of Lea Ann Preston Baecht, Ph.D. ABPP, a Forensic Psychologist at the Federal Medical Center.

Dr. Baecht diagnosed defendant Evans with Delusional Disorder, Persecutory Type and Adult Antisocial Behavior and Narcissistic Personality Traits. Dr. Baecht stated in her report:

> it is my opinion that Mr. Evans' delusional beliefs significantly hinder his rational understanding of his current legal case, as well as his ability to assist properly in his defense. Given his current belief system, it is unlikely he would be able to testify rationally or make well-reasoned decisions regarding defense strategy with his defense counsel. He lacks insight into his current mental illness and does not appear to have a rational understanding of the evidence in his case. Consequently, it is my opinion that Mr. Evans remains incompetent to proceed at the present time.

(Forensic Report, pp. 7-8).

On May 1, 2012, the defendant filed pro se objections to the Report and Recommendation. (Doc. # 89). The Court has considered defendant's arguments and objections and finds them to be without merit.

Accordingly, it is hereby ORDERED that the Report and Recommendation of

2

Magistrate Judge Sarah W. Hays is adopted in its entirety. The Court finds defendant Steven Evans to be currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense and finds that the defendant is not currently competent to stand trial.

Date: May 18, 2012　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

3